UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| Tammy Gately, | ) | |
| | ) | Civil Acton No. 07-0013 GTE |
| *Plaintiff,* | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| C.H. Robinson Worldwide, Inc., | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| *Defendant.* | ) | |
| | ) | |

Upon the stipulation of Plaintiff Tammy Gately and Defendant C.H. Robinson Worldwide, Inc., it is HEREBY ORDERED THAT:

1. Prior to the filing of this action, the parties produced certain documents pursuant to a protective order entered in *Carlson, et al. v. C.H. Robinson Worldwide, Inc*., Case No. 02-3780, a sex discrimination class action venued in the District of Minnesota.  To the extent that the parties reasonably believe that any such documents are relevant to this action, they may use them pursuant to the terms of this Protective Order, notwithstanding any other court order to the contrary, if they notify the other party of the specific documents they intend to use at such time as reasonably allows the other party to object to the document or move for exclusion thereof.

2. By means of discovery in this action, the parties may seek to obtain various private and confidential personnel information and/or documents pertaining to persons who are not parties to this action and/or confidential business, financial or medical information, which were not produced in the *Carlson* case.

3. The parties stipulate that Defendant will, subject to any applicable objections, produce the above described confidential personnel information related to certain persons not parties to this action and/or confidential business information to Plaintiff's attorneys at the offices of Sprenger & Lang, PLLC, 310 Fourth Avenue South, Suite 600, Minneapolis, MN  55415.  The parties further stipulate that Plaintiff will, subject to any applicable objections, produce the above-described confidential documents to Defendant's attorneys at the offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 600 Peachtree Street, Suite 2100, Atlanta, GA  30308.  The parties shall conspicuously label "CONFIDENTIAL" all materials that are subject to this Protective Order.

4. The parties further stipulate that the documents and information designated as containing confidential or proprietary information, for whatever purpose, shall be protected from dissemination to and review by anyone other than the parties (i.e., the plaintiff and the defendant's employees and agents who have decision-making authority with respect to the conduct of this litigation), and their respective attorneys, staff and experts.

5. Any documents designated by the parties as containing confidential or proprietary information may be introduced during the trial of this action, subject to evidentiary objections. The parties stipulate, however, that if such documents become part of the Court's pre-trial record in this action they shall be marked "SEALED" and that, in the absence of a Court order to the contrary, they shall be protected from dissemination or review by persons other than authorized Court personnel operating in the normal course of their duties.

6. Either party may file a motion to unseal documents that have been filed under seal, and the proponent of a document's confidential designation shall bear the burden of demonstrating that the document should be excluded from the public court file pursuant to Fed. R. Civ. P. 26(c).

7. The parties' need for the information referred to in paragraphs one and two and similar documents containing confidential or proprietary information produced in this action will cease at the conclusion of this action. Therefore, the parties stipulate that all such documents and information including any copies, will be destroyed by counsel within 30 days after the conclusion of this action, except that counsel shall be permitted to maintain the complete integrity of their respective case files for a reasonable period of time provided that they continue to comply with the terms of this Protective Order.

**SO ORDERED**  this 15th day of June, 2007.

BY THE COURT:

/s/ G. THOMAS EISELE

Hon. Judge G. Thomas Eisele
United States District Judge

**APPROVED AS TO FORM**

Dated May 30th, 2007

By *s/Douglas Micko*

Douglas L. Micko (MN Bar No. 299364)
Daniel C. Bryden (MN Bar No. 302284)
Sprenger & Lang, PLLC
310 Fourth Avenue South, Suite 600
Minneapolis, MN  55415

John L. Burnett (AR Bar No. 77021)
Lavey and Burnett
904 W. 2d St.
Little Rock, AR 72201

*Attorneys for Plaintiff*

By *s/David A. Hughes*

(signed by filing attorney with the permission of the Defendant's attorney)

David Hughes (AR Bar No. 096082)
Margaret H. Campbell (GA Bar No. 105978)*
Kara L. Thompson (GA Bar No. 291455)*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
600 Peachtree Street, N.W., Suite 2100
Atlanta, GA  30308

*Pro Hac Vice Application Pending

*Attorneys for Defendant*